NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANNETTE ACHAGHA TABE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　Respondent. | No.　19-72170<br><br>Agency No. A097-598-808<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:　TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

　　　Annette Achagha Tabe, a native and citizen of Cameroon, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  Our jurisdiction is governed by 8 U.S.C § 1252.  We review de novo

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law, including frivolous application findings. *Liu v. Holder*, 640 F.3d 918, 925 (9th Cir. 2011). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We grant in part, deny in part, and dismiss in part the petition for review, and we remand.

The agency erred in finding that Tabe filed a frivolous asylum application where the record does not establish by a preponderance of the evidence that Tabe deliberately fabricated evidence submitted in support of her claim. *See Liu*, 640 F.3d at 930.

The agency also found Tabe not credible based on a finding that she deliberately fabricated evidence. Substantial evidence does not support the agency's adverse credibility determination. *See Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011) (adverse credibility finding not supported under the totality of the circumstances); *Kumar v. Gonzales*, 444 F.3d 1043, 1050 (9th Cir. 2006) (adverse credibility determination not supported where IJ's belief that a document was a forgery was based on speculation and conjecture).

Thus, we grant the petition for review as to Tabe's asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

19-72170

Tabe does not challenge the BIA's determination that she waived her challenge to the IJ's denial of CAT relief, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived), and we lack jurisdiction to review Tabe's contentions concerning the merits of her CAT claim, *see Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised to the BIA).

Tabe's removal is stayed pending a decision by the BIA.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**